```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                                    CLERK
----------------------------------------------------------------X
COURTNEY SMITH, #14008940,                                      1/12/2016 4:04 pm

                                                                U.S. DISTRICT COURT
                        Plaintiff,                              EASTERN DISTRICT OF NEW YORK
                                                                LONG ISLAND OFFICE
        -against-
                                                                ORDER
COUNTY OF NASSAU,                                               15-CV-6162 (JMA)(AKT)

                        Defendant.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On October 19, 2015, *pro se* plaintiff Courtney Smith ("plaintiff") commenced this action against the County of Nassau ("the County" or "defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I.    BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff alleges:[2]

> (1) Cruel and unusual punishment. Since December 16, 2014, I have inprisoned in Nassau County Correctional Center as a federal pretrial inmate. During my incarceration I am being treated inhumane being deprived of life and liberty without due process is a complete violation of my constitutional rights as an American citizen. I have been attacked numerous time by state/county

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint a reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

inmates dates: 12/19/14 and 6/24/15 which I still suffer bad headaches every now
and then from the attacks.   I go to the law library which lacks federal laws,
motions or any information of anything federal.   I have lost almost 20 lbs. during
my inprisonment in the N.C.C.C. from the small portions of food and there aren't
any extras given out to non-workers.   I have made numerous complaints to the
doctor about the hunger pains and headaches I suffer.   Our last meal is at 4:00
p.m. and our next meal is the next day at 7:00 a.m.   That means we have no food
for 15 hours.   Commissary does not sell any food only cakes and candy.   I battle
hunger through out the night every night.   This jail does not provides pillows and
forces us to sleep on very thin mattress.   We only given one hour of outside
recreation.   There are no confidential phone calls between inmates and lawyers.
I can not contact my lawyer because of the telephone service the Nassau County
Correctional Center requires.   As an American citizen, I should not have my
constitutional rights violated.   As a human being I shouldn't be subjected to the
hazardous environment that N.C.C.C. provides.

(2)     Intentional infliction of emotional distress: I know that the County of
Nassau and the State of New York knows the treatment we are receiving causes
emotional pain to the prisoners especially federal pre-trial inmates such as myself.

(3)     Perjury:   The County of Nassau is granted thousands of dollars for federal
inmate claiming that I am being properly treated and being cared for in a humane
manner.

(Compl. ¶ IV., and at 5.)   In the space on the complaint form that calls for a description of any

injuries suffered, plaintiff alleges:

I have suffered very bad teeth problem from the lack of hygine products given in
the jail.   The dentist asked if I wanted the teeth pulled.   I also suffer bad
headaches from hunger and being attacked by state inmates.   No action was
taken.   I ask for double portions because of the big weight loss I suffered.   I was
declined and told I am the right weight for my height.

(Id. ¶IV.A.)   For relief, plaintiff seeks to recover a monetary award of $5 million as well as to be

transferred back to the Bureau of Prisons.   (Id. at ¶ V.)

## II.   DISCUSSION

**A.**     ***In Forma Pauperis* Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma*

*pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.      Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

**1.     Claim against the County of Nassau**

It is well-established that a municipality, such as Nassau County, may be liable under

4

Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of the County of Nassau. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim against the County of Nassau and such claim is thus dismissed without prejudice pursuant to 28

5

U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1) and with leave to file an amended complaint.

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).   Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint."  Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)).   Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint.   Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.   Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15-CV-6162(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order.   Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint.   Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

### III.     CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§

1915(e)(2) (B)(ii), 1915A(b)(1) and with leave to file an amended complaint.  **Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 15-CV-6162(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order.**  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                           \_\_/s/ JMA_____
                                                          Joan M. Azrack
Dated:   January 12, 2016                                 United States District Judge
         Central Islip, New York